# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11387
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO MARTINEZ-NEGRETE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-98-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Pedro Martinez-Negrete appeals the 60-month sentence imposed following his guilty-plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326. Martinez-Negrete argues that the district court violated the Ex Post Facto Clause by applying the 2016 Guidelines Manual because the 2015 Guidelines Manual, which was in effect at the time he was found unlawfully present in the United States, would have resulted in a lower

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing guidelines range.  *See Peugh v. United States*, 569 U.S. 530, 533, 537-38 (2013).  The Government argues that there is no plain error because it is not clear that Martinez-Negrete did not qualify for an aggravated felony enhancement under the 2015 Guidelines, which would result in the same guideline range as that applied by the district court under the 2016 Guidelines.

"Although the sentencing guidelines are now advisory, [an ex post facto] violation occurs when the application of the Guidelines in effect at sentencing results in a harsher penalty than would application of the Guidelines in effect when the offense was committed."  *United States v. Myers*, 772 F.3d 213, 219 (5th Cir. 2014) (internal quotation marks and citation omitted).  Because Martinez-Negrete did not argue this issue in the district court, our review of this issue is limited to plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  On plain error review, "[a] defendant need not show that the specific factual and legal scenario has been addressed but must at least show error in the straightforward applications of case law."  *United States v. Vargas-Soto*, 700 F.3d 180, 182 (5th Cir. 2012) (internal quotation marks and citation omitted).  An error is not clear or obvious if it is subject to reasonable dispute or requires the extension of precedent.  *Puckett*, 556 U.S. at 135; *Vargas-Soto*, 700 F.3d at 182.

Martinez-Negrete's 2016 Texas conviction for evading arrest does not qualify as an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C) (2015) because this conviction did not precede a prior removal.  However, Martinez-Negrete fails to show that it is clear that his Utah forgery conviction does not qualify as an aggravated felony.  UTAH CODE ANN. § 76-6-501 (1995).  Accordingly, because it is not clear that his sentencing range under the 2015 Guidelines would be lower than the range under the 2016 Guidelines applied by the district court, Martinez-Negrete has not shown that the district court's

No. 17-11387

application of the 2016 Guidelines Manual amounted to a plainly erroneous violation the Ex Post Facto Clause of the United States Constitution. *See Puckett*, 556 U.S. at 135; *Myers*, 772 F.3d at 219.

The judgment of the district court is AFFIRMED.